# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
EMILY THOMPSON,                  *
                                 *     No. 19-1708V
             Petitioner,         *
                                 *     Special Master Christian J. Moran
                                 *
v.                               *     Filed: September 13, 2022
                                 *
SECRETARY OF HEALTH              *     Attorneys' Fees and Costs
AND HUMAN SERVICES,              *
                                 *
             Respondent.         *
* * * * * * * * * * * * * * * * * * * ** *
```

David J. Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING
### ATTORNEYS' FEES AND COSTS[1]

    Pending before the Court is petitioner Emily Thompson's motion for final attorneys' fees and costs. She is awarded **$27,414.73**.

*     *     *

    On November 4, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on November 21, 2016,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

caused her to develop severe pain, discomfort, and decreased range of motion in her right shoulder. After respondent contested compensation, petitioner indicated that despite her efforts, she had been unable to retain an orthopedic expert to opine on her case and on October 19, 2021, petitioner moved for a decision dismissing her petition. On October 21, 2021, the undersigned issued his decision dismissing the petition for insufficient proof. 2021 WL 5371407 (Fed. Cl. Spec. Mstr. Oct. 21, 2021).

On January 20, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner's motion requests attorneys' fees of $24,380.00 and attorneys' costs of $3,359.73 for a total request of $27,739.73. Fees App. at 3. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any fees or costs related to the prosecution of his petition. Id. On February 8, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*       \*       \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that good faith and reasonable basis have been satisfied.  Resp't's Resp., filed Oct. 29, 2021, at 2.  Respondent's position greatly contributes to the finding of reasonable basis.  See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").  A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed.

Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel, Mr. David Carney: $325.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, and $400.00 per hour for work performed in 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to petitioner's counsel for his Vaccine Program work. See, e.g. Skugstad v. Sec'y of Health & Human Servs., No. 17-1497V, 2022 WL 3335591 (Fed. Cl. Spec. Mstr. Jul. 18, 2022). Accordingly, the requested hourly rates are reasonable.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. The only reduction is for some billing entries in which Mr. Carney billed tasks that are paralegal in nature, such as preparing exhibits to be filed, at attorney rates (e.g., billing entries on 11/13/19, 6/8/20, 7/21/20). See Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). Upon review, a reasonable reduction for these issues is $200.00. Petitioner is therefore awarded final attorneys' fees of $24,180.00.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $3,359.73 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by a medical expert, Dr. Naveed Natanzi.

Dr. Natanzi billed 5 hours at $500.00 per hour to review petitioner's medical records and discuss the case with counsel before ultimately concluding he could not offer a supportive opinion for petitioner's case. Dr. Natanzi's hours billed are reasonable, but his rate exceeds what the undersigned has recently found to be reasonable. Williams v. Sec'y of Health & Human Servs., No. 18-732V, 2022 WL 4115661, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2022) (awarding Dr. Natanzi $475.00 per hour). The undersigned shall award Dr. Natanzi $475.00 per hour for his work in this case – therefore, a reasonable amount for his work is $2,375.00.

The remainder of the costs are all reasonable and supported with the proper documentation and shall be awarded in full. Accordingly, petitioner is awarded $3,234.73 in final attorneys' costs.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$27,414.73** (representing $24,180.00 in attorneys' fees and $3,234.73 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. David Carney.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.